IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CITIFINANCIAL CORPORATION, LLC, | } } } | |
| Plaintiff, | } } | CIVIL ACTION NO. 06-AR-0873-S |
| v. | } } | |
| HARRISON KING, et al., | } } | |
| Defendants. | } | |

**MEMORANDUM OPINION**

On August 11, 2006, during court ordered oral argument on the question of this court's jurisdiction over the above-entitled action, in which plaintiff, CitiFinancial Corporation, LLC ("CitiFinancial"), seeks nothing but an order compelling defendants, Harrison King and Rose King ("the Kings"), to arbitrate the dispute between the parties now being litigated in a state court, both plaintiff and defendants argued that this court has subject-matter jurisdiction based on 28 U.S.C. §1332, because the parties are diverse and the dispute in the underlying controversy involves more than $75,000.

CitiFinancial frankly and strongly suggested that the court was wrong and should not follow what it said in *Fidelity Warranty Servs., Inc. v. Kidd*, 45 F. Supp. 2d 1284 (N.D. Ala. 1999), *aff'd*, 196 F.3d 1262 (11th Cir. 1999), *reh'g en banc denied*, 204 F.3d 1124 (11th Cir. 1999), *cert denied*, 529 U.S. 1069, 120 S.Ct. 1679 (2000), under the undue influence of *Ericsson GE Mobile,*

*Inc. v. Motorola Communications*, 120 F.3d 216 (11th Cir. 1997). Citifinancial even went so far as to suggest that the Eleventh Circuit was wrong in *Ericsson GE*.

The Kings, without appearing to understand the concept articulated in *Ericsson GE*, that for the purpose of ascertaining the jurisdictional amount for diversity jurisdiction, only the plaintiff's viewpoint can be considered, purported to concede jurisdiction and joined CitiFinancial in seeking the arbitration of their dispute, *albeit*, under an arbitration procedure that suits them better than the procedure insisted upon by CitiFinancial.

The parties were totally unaware of *Bronson & Migliaccio, LLP v. Kinsey*, 228 F. Supp. 2d 1315 (N.D. Ala. 2002), in which this court reiterated its holding in *Fidelity Warranty*, while expressing frustration with the minority position held by the Eleventh Circuit on the subject addressed in *Ericsson GE*. Neither were the parties aware of the very recent *Terminix International Company, L.P. v. Palmer Ranch Limited Partnership*, ___ F. Supp. 2d ___, 2006 WL 2167087 (M.D. Fla.), in which Judge Bucklew, in a case identical to this one in all material respects, was persuaded by what this court said in *Fidelity Warranty* and in *Bronson & Migliaccio* about *Ericsson GE*. The Middle District of Florida was, of course, not bound by what this court said, and this court is not bound by what the Middle District of Florida said, or, for that matter, what this court

itself has previously said, but this court is persuaded by what this court and the Middle District of Florida have said together about *Ericsson GE*, something that the neither the Eleventh Circuit nor the Supreme Court has disagreed with although given the opportunity to do so.

    A separate order dismissing the above action without prejudice for lack of subject-matter jurisdiction will be entered.

    DONE this 17th day of August, 2006.

                                                   _____
                                                  WILLIAM M. ACKER, JR.
                                                  UNITED STATES DISTRICT JUDGE